IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **SHARON SUMMERS and SAMUEL SUMMERS,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ALLY FINANCIAL INC.,**<br><br>**Defendant.** | Case No.  3:22-cv-03684-SAL |

**DEFENDANT ALLY FINANCIAL INC.'S**
**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Ally Financial Inc. ("Ally"), by counsel, hereby removes this action from the Court of Common Pleas of Richland County, South Carolina to the United States District Court for the District of South Carolina. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Ally removes this action and in support of its Notice of Removal states the following:

### I.     BACKGROUND

1.    Plaintiffs Sharon Summers and Samuel Summers ("Plaintiffs") commenced the State Court Action against Ally on October 3, 2022 by filing a Complaint in Court of Common Pleas of Richland County, South Carolina, Case No. 2022-CP-4005158 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process pleadings, and orders served on Ally in the State Court Action are attached hereto as **Exhibit A**.

1

2. On October 11, 2022, Ally received a copy of the Complaint via electronic mail.

3. This Notice of Removal is being filed within thirty days of receipt of the Complaint by Ally. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

4. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

5. In the Complaint, Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and violations of S.C. Code § 39-5-10.

6. Ally denies the allegations in the Complaint, denies that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, they could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiffs' claims will require determination of significant disputed issues under federal law.

## II.     FEDERAL QUESTION JURISDICTION

7. This Court has original jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9.     Federal question jurisdiction exists over this action because the allegations asserted by Plaintiffs in the Summons and Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiffs' Complaint alleges claims under, and requires a ruling on, the FCRA.

10.    Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residences of the parties.

### III.    SUPPLEMENTAL JURISDICTION

11.    This Court also exercises supplemental jurisdiction over Plaintiffs' remaining claim brought under S.C. Code § 39-5-10 pursuant to 28 U.S.C. § 1367, which states "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12.    Accordingly, to the extent Plaintiffs may plausibly allege additional claims that are not subject to the Court's federal question jurisdiction, the Court maintains jurisdictional authority over such claims pursuant to 28 U.S.C. § 1367.

### IV.    VENUE

13.    Venue is proper in this Court because this district encompasses the Court of Common Pleas of Richland County, South Carolina, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## V. NOTICE

14. Concurrent with the filing of this Notice, Ally will file a Notice of Filing of Notice of Removal with the Clerk of the Court of Common Pleas of Richland County, South Carolina and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

15. Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446(a).

16. Ally reserves the right to amend this Notice of Removal.

17. If any questions arise as to the propriety of the removal of this action, Ally requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1331, Defendant Ally Financial Inc., hereby removes this action from the Court of Common Pleas of Richland County, South Carolina to the United States District Court for the District of South Carolina and seeks whatever further relief this Court deems equitable and just.

Dated: October 25, 2022

Respectfully Submitted,

*/s/ William J. Farley III*
William J. Farley III
S.C. State Bar No. 101033; Fed. Bar No. 12004
TROUTMAN PEPPER
HAMILTON SANDERS LLP
301 South College Street, Suite 3400
Charlotte, North Carolina 28202
Telephone: 704.998.4099
Facsimile: 704.998.4051
Email: will.farley@troutman.com

*Counsel for Defendant Ally Financial Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2022, a copy of *Defendant Ally Financial Inc.'s Notice of Removal* was filed through the Court's CM/ECF system, and a copy was sent to the following via Federal Express:

**Counsel for Plaintiff**
Dave Maxfield, Esq.
DAVE MAXFIELD, ATTORNEY, LLC
P.O. Box 11865
Columbia, SC 29211
Telephone: (803) 509-6800
Facsimile: (855) 299-1656
Email: dave@consumerlawsc.com

*/s/ William J. Farley III*
William J. Farley III

132067289

5